**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | |
|---|---|
| KEVIN V. WILLIAMS, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>SUPERINTENDENT WESTVILLE )<br>CORRECTIONAL CENTER, )<br>)<br>Respondent. ) | CAUSE NO. 3:05-CV-622 PS |

**OPINION AND ORDER**

Kevin V. Williams, a *pro se* prisoner, filed this habeas corpus petition attempting to challenge his 360 day loss of good time and his demotion in credit class in case ISP 05-06-0139 on June 20, 2005 by the Conduct Adjustment Board at the Indiana State Prison. The respondent has filed a response. Mr. Williams did not file a traverse and the time for doing so has long since passed.

Mr. Williams attempts to raise four grounds in this challenge, but the respondent correctly asserts that the only claim he presented to the Final Reviewing Authority was a challenge to the sufficiency of the evidence. "[W]hen administrative remedies must be exhausted, a legal contention must be presented to *each administrative level*." *Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002) (emphasis added). Because Williams did not raise three of his four claims before the Conduct Adjustment Board, those three grounds are procedurally defaulted. "[P]rocedural default means . . . that state remedies were not exhausted, and precludes consideration" of newly raised theories "under § 2254 unless the prisoner can show cause and prejudice." *Id*. "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [his]

efforts" to present his issues for administrative review.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  Here, Mr. Williams did not file a traverse and has made no attempt to demonstrate cause and prejudice.

The sole ground remaining is whether there was sufficient evidence to find him guilty of the charge of attempted homicide on a correctional staff.  Mr. Williams argues that he was fighting with another inmate and that the correctional officer was inadvertently injured when he fell on her, but that is not relevant.  "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision . . . has some factual basis.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted); *see also Johnson v. Finnan*, 467 F.3d 693, 695 (7th Cir. 2006).  Therefore, "once the court has found the evidence reliable, its inquiry ends - it should not look further to see whether other evidence in the record may have suggested an opposite conclusion." *Viens v. Daniels*, 871 F.2d 1328, 1335 (7th Cir. 1989).  Here, the board had before it the confidential investigator's

report, which includes more than adequate evidence to support its finding that Mr. Williams attempted to kill a correctional officer.

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED**.

**SO ORDERED.**

ENTERED:  November 28, 2006.

s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT
